**UNITED STATES of America, Respondent–Appellee,**

v.

**Robert A. BAKER, Defendant–Appellant.**

**No. 05–4693–cr.**

United States Court of Appeals, Second Circuit.

Nov. 16, 2007.

Kimberly Schechter, Assistant Federal Defender Public Defender, Buffalo, NY, for Appellant.

Allison Goia, Assistant United States Attorney (Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York), Buffalo, NY, for Appellee.

PRESENT: Honorable CHESTER J. STRAUB, Honorable ROBERT D. SACK, Circuit Judges, Honorable DAVID G. TRAGER, District Judge.[1]

### SUMMARY ORDER

Defendant–Appellant Robert Baker ("Baker") pled guilty to one count of transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1), which carries a mandatory minimum sentence of five years. Baker's total Guidelines offense level was thirty, and he had a Criminal History Category of II. This corresponds to a Sentencing Guidelines range of between 108 and 135 months. Baker was sentenced to 108 months in prison followed by three years of supervised release and a special assessment of $100. We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal, Baker contends that the sentence is unreasonable because: 1) it was too long based on the actual crime committed; and 2) the district court did not properly consider all of the § 3553(a) factors. Specifically, Baker claims that the sentence is longer than necessary when the nature of the crime, his personal characteristics and the utter lack of any evidence that he had ever contacted or molested any children are taken into account. Baker claims that the district court did not consider any of these factors when sentencing him.[2]

---

1. The Honorable David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation.

2. In its brief and at oral argument, the government argued that this court did not have jurisdiction because 18 U.S.C. § 3742 does not allow a defendant to appeal the reason-

After *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review a district court's sentencing decision for reasonableness; a sentence must be remanded if it is either substantively or procedurally unreasonable. *United States v. Rattoballi,* 452 F.3d 127, 131–32 (2d Cir.2006) (citing *United States v. Crosby,* 397 F.3d 103, 113–15 (2d Cir.2005)). A sentence is substantively reasonable where the length of the sentence is "sufficient, but not greater than necessary" and takes into account the considerations set forth in § 3553(a), including, *inter alia,* the nature and circumstances of the crime, the history and characteristics of the defendant, the need for the sentence to reflect the purposes of sentencing and the appropriate Sentencing Guidelines range. 18 U.S.C. § 3553(a). *See also Crosby,* 397 F.3d at 113–15. A sentence will be considered procedurally reasonable where the sentencing judge complied with *Booker* by treating the Guidelines as advisory, considered the specific facts of the case and calculated the sentence in light of all of the § 3553(a) factors. *Crosby,* 397 F.3d at 114–15.

Although there are no "robotic incantations" that a sentencing judge must recite at sentencing, *id.* at 113 (internal quotation marks omitted), the sentencing judge must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). Sentencing judges are not relieved of their obligation to provide their rationale for sentencing because they impose a sentence within the Guidelines. *See Crosby,* 397 F.3d at 116 (stating that, in order to aid in appellate review, district courts should explain their reasons for deciding to impose a Guidelines sentence or a non-Guidelines sentence). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, ... the judge will normally go further and explain why he has rejected those arguments." *Rita,* 127 S.Ct. at 2468. The increased discretion granted to judges by the *Booker* decision only amplifies the importance of articulating the reasons for a particular sentence and requires sentencing judges' compliance with § 3553(c)'s requirements. *See United States v. Jimenez–Beltre,* 440 F.3d 514, 519 (1st Cir.2006) (stating that the § 3553(c) requirement that the district court provide reasons for its sentence is even more important under the post-*Booker* sentencing regime).

Here, although Baker argued that he was entitled to a sentence below the Guidelines range and raised numerous arguments to that effect, the district court made clear from the outset of the sentencing hearing that it would only consider a sentence within the Guidelines. The district court did not articulate why a Guidelines sentence was appropriate. More specifically, the district court did not articulate why Baker's conduct merited nine years' imprisonment—as opposed to the statutory minimum sentence of five years—beyond the mere fact that nine years' imprisonment is within the Guidelines.

Moreover, the district court did not respond to Baker's arguments in support of a non-Guidelines sentence. For example, although it mentioned that it did not find persuasive the idea of comparing Baker's sentence to the sentences given to others who committed the same acts, it never explained why this was so. In response to

ableness of a Guidelines sentence. Subsequent to oral argument, this court decided otherwise in *United States v. Fernandez,* 443 F.3d 19, 25–26 (2d Cir.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006).

Baker's argument that *Booker* and 18 U.S.C. § 3553(a)(6) require a sentencing court to consider unwarranted sentence disparities among similarly situated defendants, the district court simply said that "each sentence is individual," and it "would rather look at this case" and determine where within the Guidelines range Baker should be sentenced.

Furthermore, the district court did not respond to Baker's argument that his real offense conduct fell outside the heartland of child pornography offenses targeted by the Sentencing Guidelines. Baker specifically argued that there are no findings by Congress or the Sentencing Commission to support the assumption that people who possess or transport child pornography are likely to engage in the sexual victimization of children, and that, when crafting the heightened Guidelines range for these offenses, the Sentencing Commission failed to consider this fact. The district court's reticence to discuss how Baker's conduct fits within the range of child pornography offenses targeted by the Guidelines is especially problematic in light of its specific finding that there was no evidence that Baker engaged in any sort of sexual abuse.

Given the circumstances presented by Baker's case, as well as the non-frivolous arguments made on his behalf for a below Guidelines sentence, at the very least, the district court needed to articulate why it did not consider or choose a non-Guidelines sentence.[3] Even though the district court stated that it had considered the § 3553(a) factors, that it was not bound by the Guidelines and that it found a sentence within the Guidelines to be "necessary, reasonable, and appropriate to address the nature and seriousness of the offense, the criminal history category, and the characteristics of the [d]efendant to serve the overall objectives of punishment, general deterrence, incapacitation, and rehabilitation," there is nothing in the record which showed that the district court actually complied with these statements. This was not a "typical case" where "the context and the record make clear" the reasoning underlying the judge's conclusion. *Rita*, 127 S.Ct. at 2468–69.

The district court's lack of analysis of the positions presented by defense counsel and relevant under § 3553(a) precludes proper appellate review of the reasonableness of Baker's sentence. *See, e.g., Cunningham*, 429 F.3d at 679 ("We cannot have much confidence in the judge's considered attention to the factors in this case, when he passed over in silence the principal argument made by the defendant even though the argument was not so weak as not to merit discussion"). Accordingly, the case is remanded for re-sentencing. *See United States v. Sindima*, 488 F.3d 81, 88 (2d Cir.2007) (remanding case where "on the present record, we are not confident that the grounds upon which the district court relied are 'sufficiently compelling [and] present to the degree necessary to support the sentence imposed' ") (quoting *Rattoballi*, 452 F.3d at 137).

## Conclusion

The case is REMANDED for resentencing consistent with this opinion, together with an adequate explanation of the district court's reasoning.

---

**3.** The district court took more care to articulate its reasons for sentencing Baker to the low end of the Guidelines range, citing his strong family ties, the embarrassment the ordeal caused his family and the lack of evidence of sexual abuse. If anything, the district court's recitation of reasons it sentenced Baker at the low end of the Guidelines range begged for more explanation of why Baker did not receive a below-Guidelines sentence.